UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| INN FOODS, INC., <br><br> **Plaintiff,** <br><br> vs. <br><br> TANNER ENTERPRISES, INC., and MARTHA M. TANNER, <br><br> **Defendants.** | Case No.: 2:11-cv-231 |

**CERTIFICATION OF COUNSEL AS TO WHY NOTICE
IS NOT REQUIRED PURSUANT TO RULE 65(b)**

The undersigned represents Plaintiff, Inn Foods, Inc. in this action to enforce the trust provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c).

Notice of Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order should not be required because notice will afford Defendants with an opportunity to dissipate trust assets that are required by statute to be held for the benefit of Plaintiff's, who is a PACA trust creditor of Defendants. Defendants are under a statutory duty to pay promptly for produce from the trust established by statute. **Defendants have failed to pay**. In addition:

   a) Plaintiff has not been paid for $37,343.32 worth of produce that it sold to Defendant Tanner Enterprises. (See ¶9 of the Affidavit of Hilda Anaya, filed contemporaneously herewith).
   b) The President of Tanner Enterprises admitted that the company

>   **was suffering financially, and that it was having a hard time finding the money to pay Inn Foods. (¶13, Anaya Affidavit)**
>
>   **c) Payment has not been received from Tanner Enterprises since early November, 2010. (¶12 Anaya Affidavit)**

This evidence indicates that the Defendant Tanner Enterprises is experiencing serious financial problems.

Therefore, advising Defendants of the pendency of this Motion will afford them the opportunity to make payments on non-trust debts with trust assets in order to avoid serious personal liabilities, e.g. criminal liability for failure to pay withholding taxes, or civil liabilities. Once the trust assets are dissipated, it is all but impossible to recover them.[1] Entry of an *Ex-Parte* Temporary Restraining Order guarantees the performance of this statutory duty, and prevents further dissipation pending a further hearing, which can be set as soon as possible.

//
//
//
//
//
//

---

[1] H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. See also *J.R. Brooks & Son. Inc. v. Norman's Country Market. Inc*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989).

Respectfully submitted on Tuesday, March 15, 2011.

                                        **CONNICK & ASSOCIATES CO., L.P.A.**

                                          /s/ Michael J. Connick
Michael J. Connick
Ohio Bar No. 0046624
NorthPoint Tower, Suite 1720
1001 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 367-1150
Facsimile: (216) 367-1154
mconnick@sbcglobal.net

Attorneys for Plaintiff